J-S27006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDMOND J. CALLOWAY | : | |
| | : | |
| Appellant | : | No. 2895 EDA 2016 |

Appeal from the PCRA Order August 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0509401-1995,
CP-51-CR-0509411-1995

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                     **FILED JUNE 01, 2017**

Appellant, Edmond J. Calloway, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which denied his third petition

brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior memorandum of this Court sets forth the relevant facts of this

case as follows:

> Appellant's convictions [arose] out of an incident in which
> he beat [Victim 1] with a baseball bat and shot and
> killed…[Victim 2].  …  [O]n [April 8, 1995], Appellant went
> to a speakeasy in search of [Victim 2], where, upon
> arrival, he repeatedly struck [Victim 1] with a baseball bat,
> rendering him unconscious.  Appellant then demanded to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

know [Victim 2]'s whereabouts. Shortly thereafter, when [Victim 2] approached the speakeasy in his car, Appellant fired three shots into the vehicle, causing [Victim 2] to crash. Appellant then ran up to the automobile and fired three shots inside. … Appellant's trial commenced on April 2, 1996. On April 4, 1996, a jury found Appellant guilty of first-degree murder, possessing instruments of crime, and aggravated assault.

*Commonwealth v. Calloway*, 715 A.2d 500 (Pa.Super. 1998) (unpublished memorandum). On April 4, 1996, the court sentenced Appellant to life in prison without the possibility of parole for first-degree murder. The court imposed a term of seven to fourteen years' incarceration for aggravated assault, consecutive to the life sentence. This Court affirmed the judgment of sentence on March 23, 1998.

The PCRA court opinion sets forth additional procedural history of this case as follows:

On June 4, 1999, [Appellant] filed a *pro se* Motion for Post-Conviction Collateral Relief pursuant to the [PCRA]. [PCRA counsel] was appointed to represent [Appellant], and determined that [Appellant]'s claims were without arguable merit and there were no additional issues to be raised. [PCRA counsel] then filed [on January 31, 2003,] a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213, 215 (Pa.Super. 1988) (*en banc*). On April 11, 2003, the PCRA [c]ourt dismissed [Appellant]'s [f]irst [p]etition and permitted PCRA counsel to withdraw. [Appellant] appealed the dismissal of his [f]irst [PCRA] [p]etition, and the Superior Court affirmed the PCRA [c]ourt's dismissal on October 1, 2004.

(PCRA Court Opinion, filed August 17, 2016, at 2). In his "no merit" letter, PCRA counsel explained that Appellant said Jacqueline Davis might have been able to provide exculpatory testimony. PCRA counsel added that,

- 2 -

despite his repeated attempts to contact her, Ms. Davis refused to speak with him.

The PCRA court opinion continues:

[Appellant] filed his second *pro se* Motion for Post-Conviction Collateral relief…on November 10, 2009. In a memorandum attached to the [s]econd [PCRA] [p]etition…, [Appellant] alleged that after-discovered [facts], in the form of new exculpatory eyewitness Jacqueline Davis, proved he did not commit either the aggravated assault or the murder of which he was convicted. [Appellant] did not, however, submit an affidavit or witness certification from Ms. Davis, but instead relied on two witnesses who claimed to have spoken with her and heard her exculpatory statements. … On February 3, 2012, [the] [PCRA] [c]ourt dismissed [Appellant]'s [s]econd [PCRA] [p]etition…, on the ground that it was untimely filed. [T]he Superior Court affirmed the PCRA [c]ourt's dismissal on December 5, 2012, holding that inadmissible hearsay evidence could not form the basis for an exception to the PCRA's time-bar requirements. …

[Appellant] filed his third *pro se* Motion for Post-Conviction Collateral Relief, here at issue, on October 18, 2013. [Appellant] again asserted that after-discovered [facts], specifically the testimony of Ms. Davis, proved he did not commit either the aggravated assault or the murder of which he was convicted. This time, [Appellant] included an affidavit from Ms. Davis. [PCRA counsel] was appointed to represent [Appellant] on June 3, 2014. On January 8, 2015, [PCRA] counsel filed an Amended [PCRA] Petition…, asserting that Ms. Davis, now available to testify in person, would provide newly discovered [facts] proving [Appellant]'s innocence.

The [PCRA] [c]ourt held a hearing to address the newly discovered [facts] issue on October 20, 2015.

* * *

At the evidentiary hearing, [Appellant] testified on his own

behalf and presented the testimony of Jacqueline Davis. The Commonwealth presented the testimony of Mary Ann Hill, the wife of [Victim 2], and a stipulation regarding certain records of the parole agent for Ms. Davis.

*Id.* at 2-5 (internal citations to record omitted).

On August 18, 2016, the PCRA court dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal on September 9, 2016. The PCRA court, on September 13, 2016, ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on October 4, 2016.

Appellant raises one issue for our review:

DID THE PCRA COURT ERR WHEN IT DETERMINED THAT [APPELLANT] WAS NOT ENTITLED TO PCRA RELIEF?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by

the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. *Id.*

A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to

apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa.Super 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. **Id.** Additionally, the focus of this exception "is on the

newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Bennett, supra*** at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.[2] ***Id.*** at 395, 930 A.2d at 1271.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's issue merits no relief. The PCRA court

---

[2] To obtain relief on a substantive after-discovered-evidence claim under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***See, e.g., Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586 (2007); ***Commonwealth v. D'Amato***, 579 Pa. 490, 856 A.2d 806 (2004). The substantive merits-based analysis is more stringent than the analysis required by the "new facts" exception to establish jurisdiction. ***See Bennett, supra*** at 395-96, 930 A.2d at 1271-72.

opinion comprehensively discusses and properly disposes of the question presented. (*See* PCRA Court Opinion, filed August 17, 2016, at 5-9) (finding: Appellant's PCRA hearing testimony was incredible; Appellant knew before trial that Jacqueline Davis was potential witness because Ms. Davis was with Appellant at speakeasy on night of incident; also, Appellant knew that Ms. Davis could provide potentially exculpatory testimony as early as 2003, when first PCRA counsel stated in his "no merit" letter that Ms. Davis was possible eyewitness; Appellant failed to demonstrate he exercised reasonable diligence to obtain Ms. Davis' testimony; Appellant's PCRA petition is time-barred because Appellant failed to prove new-facts exception to PCRA timeliness requirement applied; even if Ms. Davis' testimony qualified as new facts, Appellant's PCRA petition merits no relief; credible testimony of Mary Ann Hill established that shortly after incident, Ms. Davis told Ms. Hill she saw Appellant shoot Victim 2; Ms. Davis fabricated statement that she saw another individual shoot Victim 2; additionally, parole agent's records indicate that in 2000, parole agent told Ms. Davis that investigator for Appellant contacted parole agent about information Ms. Davis might have concerning incident; parole agent's records establish Ms. Davis told parole agent she did not remember incident and did not want to talk to investigator; Ms. Davis' falsely testified that her parole agent advised her not to speak about incident; Ms. Davis' testimony at PCRA hearing was incredible; thus, Appellant could not demonstrate that if Ms. Davis had

testified at trial, there is reasonable probability that outcome of trial would have differed). The record supports the PCRA court's rationale. Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2017